NO. 07-09-0393-CR
NO. 07-09-0394-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 2, 2010

_____

THOMAS ROCHA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2005-410,922 AND 2008-421,973;

HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Thomas Rocha was convicted of possession of cocaine with intent to deliver in an amount of four grams but less than 200 grams. That conviction was also used to revoke appellant's probation with respect to a prior offense.[1] He challenges both

---

[1]The new offense was the only violation used for purposes of the revocation of appellant's probation.

judgments by contending the trial court erred in failing to grant his motion to suppress. We affirm the judgments.

*Background*

On November 15, 2008, Trooper Von Aven was driving on Highway 84 east of Slaton, Texas, when she observed appellant's vehicle traveling in the opposite direction at a speed that she believed was over the limit. She turned on her radar and, after determining that appellant's speed was 76 m.p.h., made a traffic stop. The speed limit was 70 m.p.h.

Appellant was driving the vehicle and his wife was a passenger. Aven had decided to only give appellant a warning and asked him for his license. In doing so, she observed that he was visibly nervous with shaking hands. He told her he was going to Snyder. Aven also smelled detergent in the vehicle which she had been trained to know is sometimes used to mask the smell of narcotics.

The trooper returned to her unit and checked whether there were any outstanding warrants issued against appellant and found none. However, her separate attempt to determine, via computer, if appellant had prior arrests or convictions revealed a conviction for his manufacturing and delivering a controlled substance. This resulted in appellant being asked to accompany the trooper to her vehicle. When asked again about his destination, he replied, "PoSnyder."[2] He also indicated that he had prior arrests but purportedly was evasive about the nature of the offenses involved. The trooper then asked him if he was carrying any drugs in the vehicle and for consent to

---

[2]Post is on the road to Snyder. After his arrest, appellant admitted that he was delivering the drugs to Post.

2

search it.  He denied the former and granted the latter.  Moreover, this occurred before the trooper issued the warning citation.

The ensuing search yielded two packages of cocaine.  They were found in a jacket lying on the back seat of the vehicle.

*Standard of Review and Applicable Law*

We review the trial court's ruling on a motion to suppress under the standard discussed in *Ford v. State,* 158 S.W.3d 488 (Tex. Crim. App. 2005).  In doing so, we defer to the trial court's resolution of historical fact but review *de novo* its interpretation of the law.  *Id.* at 493.

A detention is reasonable if it is confined in length and scope to those actions that are necessary to fulfill the purpose of the traffic stop.  *Kothe v. State,* 152 S.W.3d 54, 63 (Tex. Crim. App. 2004).  In a routine traffic stop, an officer may request information from a driver such as his license, car registration, and the purpose and destination of the trip.  *Strauss v. State,* 121 S.W.3d 486, 491 (Tex. App.–Amarillo 2003, pet. ref'd).  The officer may also check the driver's criminal background.  *See Caraway v. State,* 255 S.W.3d 302, 308 (Tex. App.–Eastland 2008, no pet.).  No particular sequence is required with respect to these matters.  *Kothe v. State,* 152 S.W.3d at 66; *see also Parker v. State,* 297 S.W.3d 803, 809-10 (Tex. App.–Eastland 2009, pet. ref'd) (stating that an officer is not required to initiate a background search before asking questions of the driver). Moreover, once the purpose of the traffic stop has been effectuated, the officer may still ask if the occupants possess illegal contraband and solicit consent to search. *Strauss v. State,* 121 S.W.3d at 491.  However, if consent is denied, the detention must cease unless information learned by the officer during the

3

course of the traffic stop provides the officer with reasonable suspicion that another offense has been or is being committed. *Sieffert v. State,* 290 S.W.3d 478, 483 (Tex. App.–Amarillo 2009, no pet.).

*Application of the Law*

The original detention is not challenged on appeal. However, appellant argues that his continued detention without reasonable suspicion was improper. Yet, concluding that the entire detention remained within the parameters of a legitimate traffic stop falls within the zone of reasonable disagreement.

Again, the trooper initially asked questions about appellant's destination and solicited his identification. So too was she entitled to check for outstanding warrants and his criminal history. That an officer may invite someone stopped for violating a traffic law to sit in her squad car goes unchallenged here. And, the trooper's soliciting consent to search also is a permissible aspect of the traffic stop. Most importantly, no one contends that the amount of time that lapsed between the initial stop and appellant's grant of consent to search was unreasonable or otherwise exceeded the amount of time attendant a normal traffic stop.[3] According to the State, that period approximated only five minutes.

---

[3]The amount of time that lapsed appeared to be highly critical in *United States v. Jones*, 234 F.3d 234 (5th Cir. 2000) (wherein the court concluded that appellant's consent was not legitimately obtained). It is conceivable that delaying the issuance of a traffic ticket to conduct a fishing expedition could be deemed an unreasonable detention. Yet, that is not something we need address here for the circumstances and argument do not require us to do so.

The trial court's decision to deny the motion to suppress did not evince an instance of abused discretion. Consequently, we overrule appellant's issue and affirm the judgments.

Brian Quinn
Chief Justice

Do not publish.